UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          FOR ELECTRONIC PUBLICATION
                                      ONLY
----------------------------------------------------------------x
JULIUS RUGGIERE,

                    *Plaintiff*,
                                      MEMORANDUM AND
      -against-            ORDER
                                      09-CV-2160 (JG)
MICHAEL BLOOMBERG, Mayor, City of
New York; ROBERT C. NORTH, Chief Actuary,
City of New York; ASSISTANT DIRECTOR,
legal division, N.Y.C.E.R.S.; WILLIAM C.
THOMPSON, Comptroller, City of New York;
DIANE ALESSANDRO, Executive Director,
N.Y.C.E.R.S,

                    *Defendants*.
----------------------------------------------------------------x

A P P E A R A N C E S:

    JULIUS R. RUGGIERE
        55 Walnut Avenue
        East Farmingdale, New York 11735
        Plaintiff, *pro se*

    NEW YORK CITY LAW DEPARTMENT
        100 Church Street
        New York, New York 10007
    By:   Keith M. Snow
        *Attorney for Defendants*

JOHN GLEESON, United States District Judge:

       On May 15, 2009, plaintiff Julius Ruggiere filed this *pro se* action naming New York City officials as defendants and seeking review of a case first filed in New York Supreme Court. On June 10, 2009, I granted the plaintiff's request to proceed *in forma pauperis*. On August 27, 2009, the defendants filed a motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine and for failure to state a claim upon which relief can be granted as dictated by *res judicata*. Ruggiere opposed the defendants'

motion in writing, and I heard oral argument on the motion on September 25, 2009. For the reasons set forth below, the defendants' motion to dismiss is granted.

BACKGROUND

The following facts are drawn from Ruggiere's *pro se* complaint, filed May 15, 2009, and documents attached to and incorporated by reference in that complaint, and are assumed to be true for the purposes of this motion. In addition, I address two new claims raised by the plaintiff in his opposition papers to the motion to dismiss.

According to the plaintiff's complaint, "[t]his claim initially arose in the County of Kings, New York State Supreme Court on April 11, 2007." Compl. at 2. Ruggiere alleges that the State of New York and the New York City Retirement System ("NYCERS") failed to properly interpret and apply New York state law.

Ruggiere retired from the New York City Department of Correction in 2001. He asserts that, as of June 1999, correction retirees "who had achieved 20 or more years of '*Allowable Correction Service*' (one who had completed 20 or more years of actual uniformed correction service without the aid of any buyback time from other city and state service, unless it was prior New York City Police, Fire and Sanitation service) was entitled to receive a [Correction Officers Variable Supplement Fund] stipend, in addition to their pension." Compl. at 4. Ruggiere asserts that the New York State Legislature subsequently enacted additional laws defining "beneficiary" and permitting certain city workers to apply "*Other Credited Service*" to their correction service in order "to retire without the full 20 or more years of actual correction service in the uniformed rank." Compl. at 6. Thereafter, NYCERS designated this class of retirees as "beneficiaries" eligible for the Variable Supplemental Fund ("VSF"). *Id.* Ruggiere asserts that this designation was erroneous.

2

No retirees received VSF stipends in 2006, because the fund assets were insufficient. *See* Compl. Ex. 2, Dec. 5, 2006 Letter from Andrew N. Feneck. Ruggiere asserts that reason the funds were insufficient was NYCERS's erroneous decision to enlarge the pool of eligible beneficiaries to include people who qualified due to their "Other Credited Service." Compl. at 8. These retirees, goes the complaint, should never have been made eligible for VSF stipends.

Ruggiere brought an Article 78 proceeding to review the City's determination that the funds were insufficient. In that proceeding, he challenged NYCERS's definition of "beneficiary" and the payments it authorized to the "*Other Credited Service*" retirees who Ruggiere believes were not entitled to benefits. The New York State Supreme Court, Kings County, denied Ruggiere's petition, and the Appellate Division affirmed the judgment. *Ruggiere v. Bloomberg*, 865 N.Y.S.2d 560 (2d Dep't 2008). The Court of Appeals denied leave to appeal on January 20, 2009, 11 N.Y.3d 716 (2009), and denied a motion for reargument on March 31, 2009, 12 N.Y.3d 778 (2009).

In this action, Ruggiere reiterates his argument that the City improperly interpreted the provisions of the State Legislature and challenges the New York courts' rulings to the contrary. He alleges that the "New York State Supreme Court's decision not to acknowledge the defendants['] erroneous interpretation and distribution of C.O.V.S.F. to ineligible retirees violated the Equal Protection Clause of the Fourteenth Amendment via violation of the New York State Constitution, Article III, sections 13, 15, 16, and Article I, section 11."[1] Compl. at 3-4. In his opposition papers, he asserts that it was not the state court's actions, but rather the steps taken by the defendants that caused the deprivation of his rights under the Equal Protection

---

[1] The cited sections of Article III of the New York State Constitution govern the enactment of state law by the New York State legislature. Article I, Section 11 guarantees equal protection of the laws.

clause. In addition, Ruggiere raises two new claims in his opposition papers: (1) a claim under 42 U.S.C. § 1983 that the defendants deprived him of his rights under the Fourteenth Amendment to the U.S. Constitution; and (2) a claim that the state court colluded with the defendants in failing to adhere to an order to show cause issued by the state court on April 11, 2007, thereby depriving him of his due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution.

Plaintiff seeks damages for the retirement benefits he says he should have received from 2006 to 2008, legal expenses incurred in prosecuting his claims in state court and further damages for the irreparable harm he says he has suffered. In total, he seeks approximately $100,000 in damages.

## DISCUSSION

A.  *Motion to Dismiss -- Standard of Review*

Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint. *See, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, 'the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))). The standards for reviewing a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) are the same. *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997) (setting forth both standards).

Accordingly, I must accept the factual allegations in the complaint as true, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (*per curiam*), and draw all reasonable inferences in favor of the plaintiff. *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In its recent decision in *Iqbal*, the Supreme Court offered district courts additional guidance regarding the consideration of motions to dismiss under Rule 12(b)(6). Citing its earlier decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Court explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal,* 129 S. Ct. at 1949 (internal citations and quotation marks omitted).

Because plaintiff is *pro se*, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

When considering a motion to dismiss, a court may examine (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as exhibits or incorporated in it by reference; (3) matters of which judicial notice may be taken; and (4) documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied on in bringing suit. *Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

B. *Res Judicata*

Defendants argue that any claims against them regarding the alleged improper interpretation of the class of beneficiaries and the improper failure to distribute VSF funds arose out of the same transactions as the claim raised in the state court proceeding, and thus are barred by the doctrine of *res judicata*. I agree.

The doctrine of *res judicata* "bars later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (internal citations and quotation marks omitted); *see also Hameed v. Aldana*, 296 Fed. App'x 154 (2d Cir. 2008) (affirming dismissal of *pro se* complaint on *res judicata* grounds). In addition, "a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." *Burka v. New York City Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994). Finally, New York applies a "transactional approach" to *res judicata* issues, meaning that "'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.'" *Hameed*, 296 Fed. App'x at 155 (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981)).

In June 2008, the New York State Supreme Court, Kings County, denied Ruggiere's petition for a declaration that defendants "violated § 13-194 of the Administrative Code of the City of New York by improper disbursement of the Variable Supplement Fund ("VSF") to 'ineligible' retirees of the N.Y.C.E.R.S." Def. Ex. 1. The Appellate Division affirmed the judgment and the Court of Appeals subsequently denied leave to appeal and a motion for reargument. To the extent Ruggiere alleges that the named defendants in this action

6

violated state law in making eligibility determinations and distributing benefits, the issue in this case is the same as that adjudicated by the state court.

Ruggiere argues in his opposition to the defendants' motion that the state court ignored his claims under the state constitution denying him a full and fair opportunity to litigate the claim, and that his claim here is therefore not barred by *res judicata*. (Plaintiff alleges that defendants violated the state constitution by failing to follow the rules set out in Article III governing the enactment of legislation.) Though Ruggiere's state constitutional claims were not directly addressed in the state court's order, there can be no doubt they were rejected by the state courts.[2] Def. Ex. 1 (holding generally that defendants' actions were "not arbitrary, capricious, contrary to law or based upon an error of fact or law"); *cf. Sellan v. Kuhlman,* 261 F.3d 303, 311 (2d Cir 2001) (stating that "adjudication on the merits" in the habeas context, does not require a state court to "explain[] its reasoning process"). Moreover, *res judicata* requires only that the issues upon which final judgment was rendered "were or could have been raised." *EDP Med Computer Sys*, 480 F.3d at 624 (quoting *St. Pierre v. Dyer,* 208 F.3d 394, 399 (2d Cir. 2000)); *see also Hybert v. Shearson Lehman/American Express, Inc.* 688 F. Supp. 320, 326 (N.D. Ill. 1988) (holding that the specific matters raised by the plaintiff in its written statement of claim were "determined" notwithstanding the brevity of the decision). Ruggiere concedes that he did, in fact, raise these issues in the state court proceeding. In short, there is simply no factual support alleged for Ruggerie's conclusory assertion that he was deprived of a full and fair opportunity to litigate this claim in state court.

Ruggiere further argues that the defendants failed to distribute VSF benefits not only in the year 2006, but also in 2007 and beyond, but the state court judgment addressed only

---

[2] The New York Supreme Court may well have determined that it goes without saying that the defendants before it -- none of whom had any role in enacting the challenged legislation -- could hardly be sued for failing to follow the New York Constitution's requirements for passing laws.

7

the failure to distribute benefits in 2006. However, this fact hardly bars the application of the doctrine of *res judicata.* The plaintiff's claim as to subsequent years is identical to the claim decided by the state courts, and of course the claims for the years 2007, 2008 and 2009 arise from the "same series of transactions" litigated before the state court. Accordingly, these claims are indeed barred by *res judicata.*

Because the state court issued a final judgment on the merits of Ruggiere's case, which involved the same parties[3] and same issues as this matter, *res judicata* precludes me from hearing plaintiff's claims regarding the allegedly improper determination of the class of VSF beneficiaries and allegedly improper failure to disburse VSF benefits. Accordingly, Ruggiere's complaint against the defendants is dismissed pursuant to *Fed. R. Civ. P. 12(b)(6)* for failure to state a claim upon which relief can be granted.

C. *Issue Preclusion*

In his opposition to the defendants' motion to dismiss, Ruggiere alleges, under 42 U.S.C. § 1983, that the defendants deprived him of his rights under the Fourteenth Amendment to the U.S. Constitution by failing to adhere to provisions of the New York State Constitution.[4] The Second Circuit Court of Appeals has held that plaintiffs may bring a claim under 42 U.S.C. § 1983 even though the same claim was litigated in state court during an Article 78 proceeding in state court, "[b]ecause in the usual civil rights action the damages requested cannot be characterized as incidental [to the primary relief sought]," as is required by the damage limitation provision applicable to Article 78 proceedings. *Mitchell v. Fishbein,* 377 F. 3d 157, 171 (2d Cir. 2004); *Davidson v. Capuano,* 792 F. 2d 275 (2d Cir. 1986); *see also Parker v. Blauevelt*

---

[3] The matter before the state court included an additional petitioner, Joseph R. Beilouny, who is not a party to this action. Beilouny's absence does not negate affect the application of *res judicata* to this case.

[4] As I am required to grant *pro se* litigants leave to amend his complaint if the complaint can state a valid claim, I address the validity of the two claims plaintiff has raised in his opposition papers.

*Volunteer Fire Co.,* 93 N.Y.2d 343, 348-49 (1999). As "the form of relief being sought is an element of the litigant's claim" under New York State law, *res judicata* cannot apply if the remedies for the cause of action brought by the plaintiff were not available in the prior proceeding. *Leather v. Ten Eyck*, 180 F. 3d 420, 424-25 (2d Cir. 1999). To the extent Ruggiere pursues a claim under 42 U.S.C. § 1983 for damages that are arguably not incidental to the claim for benefits allegedly due to him from the VSF, his claim is not barred by *res judicata*.

Although *res judicata* cannot bar a plaintiff's claim in federal court under § 1983 because the claim was litigated in a previous state court proceeding, collateral estoppel may. *Parker,* 93 N.Y.2d at 349. Collateral estoppel applies "if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action." *Id.* Here, Ruggiere asserts that the defendants denied him his equal protection rights under the Fourteenth Amendment to the U.S. Constitution. I construe from his opposition papers that Ruggiere alleges the defendants treated him disparately when compared to the retired corrections officers without twenty years of service who were nevertheless included in the enlarged class of VSF beneficiaries. A plaintiff alleging disparate treatment on the basis of a non-suspect classification must prove that the action depriving him of his equal protection rights was without a rational basis. *Vargas v. City of New York,* 377 F. 3d 200, 206 (2d Cir. 2004). This is the precise issue that the state court adjudicated during the Article 78 proceeding. As the state court's order states:

> From the foregoing it is concluded that the respondents properly interpreted the controlling law in paying all persons who retired on a twenty-year uniformed correction plan, without regard to the agency in which a retiree acquired some years of service. Accordingly … defendants' determination to make a VSF payment to any retiree retired on a twenty year uniformed correction plan is not arbitrary, capricious, contrary to law or based upon an error of fact or law.

Def. Ex. 1. As the issue brought by the Ruggiere's claim under 42 U.S.C. § 1983 claim was previously decided by the state court in the Article 78 proceeding, my review of the issue is precluded by collateral estoppel.

D.     *Rooker-Feldman Doctrine*

To the extent that Ruggiere states claims, under the Equal Protection Clauses contained within the United States and New York State Constitutions or under § 1983, that he suffered injury as a result of the state court's decision denying his petition, his claims are barred by the *Rooker-Feldman* doctrine. Ruggiere's claim regarding the denial of his due process rights due to the state court's collusion with the defendants in failing to adhere to the order to show cause is similarly barred.

Although I have jurisdiction to hear claims arising "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, I may not adjudicate such claims when they are "inextricably intertwined" with the decisions reached by a state court in a judicial proceeding. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983). This principle, referred to as the *Rooker-Feldman* doctrine, precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Where the doctrine applies, district courts do not have jurisdiction over challenges to state court decisions "even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486.

The application of the *Rooker-Feldman* doctrine is limited to cases where there is a "causal relationship between the state-court judgment and the injury of which the party

complains in federal court." *McKithen v. Brown*, 481 F.3d 89, 98 (2d Cir. 2007)(citing *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87 (2d Cir. 2005)). The Court of Appeals for the Second Circuit has held that *Rooker-Feldman* applies when the following four requirements are met: (1) the plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state-court judgment; (3) the plaintiff invites district court review and rejection of the state-court judgment and (4) the judgment was rendered prior to the commencement of the district court proceedings. *Hoblock*, 422 F.3d at 85. The first, third and fourth requirements are clearly satisfied here.

Expounding on the second requirement, the Second Circuit has held that "a party is not complaining of an injury 'caused by' a state-court judgment when the exact injury of which the party complains in federal court existed *prior* in time to the state-court proceedings, and so could not have been 'caused by' those proceedings." *McKithen,* 481 F. 3d at 98. In this case, although the remedies sought by the plaintiff address his complaints as to the improper distribution of the VSF, which existed prior to the state court proceeding, the alleged violations of his Equal Protection rights did not. As a result, assuming the plaintiff were able to state a claim under the Equal Protection clauses of the U.S. and New York Constitutions, 42 U.S.C. § 1983 or the Due Process clauses under the Fifth and Fourteenth Amendments to the U.S. Constitution, his complained-of injury was caused by the state court decision denying his claim. His remedy for that injury was appellate review in the New York Courts and, if he could obtain it, Supreme Court review of the decision of the New York Court of Appeals.

Accordingly, all four requirements of the *Rooker-Feldman* test are met in this case. As a result, I have no jurisdiction to grant relief based on the state courts' alleged

11

violations of 42 U.S.C. § 1983 or the Fifth or Fourteenth Amendments to the United States Constitution.

## CONCLUSION

For the reasons stated above, Ruggiere's complaint is dismissed for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(6) & 12(b)(1). Further, as I have determined that the plaintiff cannot validly state a claim, I decline to grant the plaintiff leave to amend his complaint. The Clerk of Court shall close this case and enter judgment.

So Ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
October 9, 2009